MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)



MAR 0 5 2013
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | |
|---|---|
| LASHANTE DONES, | ) |
| Plaintiff | ) |
| vs. | ) Cause No. 1122-CC10763 |
| | ) Division No. 18 |
| SENSIENT COLORS, LLC, GREGORY BONE and MARK GOLDSCHMIDT, | ) |
| Defendants. | ) |

## MEMORANDUM, ORDER AND PARTIAL JUDGMENT

The Court has before it Defendants' Motion for Summary Judgment. The motion is granted in part and denied in part, as set forth below.

Plaintiff Lashante Dones filed the present petition alleging discrimination on the basis of race and sex in violation of the Missouri Human Rights Act, §213.010, et seq. ("MHRA"). Plaintiff asserts that while she was an employee at Defendant Sensient Colors of Delaware, LLC, Sensient, Defendant Gregory Bone, who was Plaintiff's supervisor, and Defendant Mark Goldschmidt, who is the Director of Quality Control at Sensient, discriminated against her on the basis of her race (African American) by taking adverse employment actions. Plaintiff also alleges that Defendants discriminated against her on the basis of sex by replacing her with a male person for one position and assigning a shift to a male worker instead of Plaintiff for another position. Plaintiff further



EXHIBIT 3

alleges that she was subjected to disparate treatment regarding a lower pay grade for women than is given to similarly situated men, disparate impact on female employees, and unequal pay. Finally, Plaintiff alleges that Defendants constructively discharged her by forcing her to resign in retaliation for her complaints about the discriminatory system of shift assignments toward women.

The summary judgment record includes the pleadings, the Charge of Discrimination that Plaintiff filed with the Missouri Human Rights Commission ("Commission"), Plaintiff's affidavit, and the Commission's investigation file. There is no dispute as to the following[1]:

For approximately ten years prior to her separation from employment Plaintiff worked for Sensient in its Quality Control department, conducting scientific tests on Sensient products. On March 25, 2011, Plaintiff filed a *pro se* Charge of Discrimination with the Commission against Sensient as Respondent/Employer. In the "Particulars" section of the Charge Plaintiff stated as follows:

> I. I work for the Respondent as a Quality Control Technician. Approximately, June 2010 a male Caucasian employee was hired and was given my position of several years doing the same work I had been doing for a much higher wage than I was paid. I believe I was not paid the same wages in violation of the Equal Pay Act. I also

---

[1] Defendants' response to Plaintiff's statement of additional facts does not comply with Rule 74.04(c) because Defendants' denials are not supported with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial, as required under the Rule. Therefore, these facts are deemed admitted for purposes of this motion. Mo. Sup. Ct. R. 74.04.

2

believe I was not paid the same wages due to my race, African American.

II. In October 2010 I bid for a position to return to an eight hour shift. The position was given to temporary male Hispanic employee. The same employee was also promoted to a higher classification and is paid more. I believe I was not considered for the position due to my gender, female and my color, Black.

III. As a remedy, I desire an end to the discrimination and anything else the Commission deems just and Proper.

Defendants Bone and Goldschmidt were not identified as Respondents/Employers in the charge, nor were they identified in the body of Plaintiff's charge. However, Bone and Goldschmidt were identified by Plaintiff to the Commission Investigator who then interviewed them in connection with Plaintiff's claims of discrimination. The Commission issued Plaintiff a right to sue letter.

Defendant Bone was one of Plaintiff's supervisors. Defendant Goldschmidt worked for Sensient as the Director of Quality Control. Plaintiff did not allege retaliation in her Charge of Discrimination, as Plaintiff checked the boxes for "race", "color" and "sex" only. In the "Particulars" section of Plaintiff's Charge of Discrimination, she did not reference any alleged retaliatory conduct on the part of Sensient. Plaintiff's Charge of Discrimination did not reference the fact that she no longer was employed by Sensient.

Plaintiff is a single mother. For several years, Plaintiff had worked an eight-hour weekday shift. In 2010, Plaintiff's supervisors changed her work schedule so that she worked twelve-hour weekend shifts instead. Following the filing of her Charge of Discrimination, Plaintiff provided the Commission Investigator with Plaintiff's contemporaneous notes, which describe the events and actions taken by Plaintiff's supervisors, Bone, Goldschmidt and Seliner in changing her schedule. The Investigator interviewed Plaintiff on May 31, 2011, and Plaintiff identified Bone and Goldschmidt as the individuals who made the decision about hiring, scheduling and pay in her department. Plaintiff stated that she told her supervisors that she had to resign because she could not continue to work 12-hour weekend shifts and care for her son, that if Sensient returned her to weekday shifts she would take back her resignation and continue to work, but that Goldschmidt told Jack Seliner, Plaintiff's immediate supervisor, that Plaintiff would never be moved back to a weekday shift.

On July 28, 2011, the Commission Investigator interviewed Greg Bone. Bone identified himself as the Quality Control Manager at Sensient. Bone stated that he was one of Plaintiff's indirect supervisors, and that he was involved in the decision to hire a person for the open weekday laboratory assistance position that Plaintiff at one time sought.

In its Position Statement submitted to the Commission, Sensient discussed the issue of Plaintiff's resignation and her complaints about her work schedule, and that she resigned because her work schedule was not compatible with her family obligations.

Defendants Bone and Goldschmidt move for summary judgment on the ground that Plaintiff did not exhaust her administrative remedies before bringing this lawsuit, as Plaintiff did not name Bone or Goldschmidt as respondents in her administrative Charge of Discrimination filed with the Commission. All three Defendants argue for summary judgment on Count III, Plaintiff's claim for discriminatory discharge and retaliation, on the ground that Plaintiff failed to exhaust her administrative remedies by failing to include or reference her alleged discharge or separation from employment or her claim of retaliation in her Charge of Discrimination.

Summary judgment is designed to permit the trial court to enter judgment, without delay, when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 119-120 (Mo. 2010); Rule 74.04(c)(6). "The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." Lewis v. Biegel, 204 S.W.3d 354, 356 (Mo.App.

5

2006)(internal quotation omitted). Any evidence in the record presenting a genuine dispute as to the material facts defeats the moving party's prima facie showing. Id. at 382; Friedman v. Marshall, 876 S.W.2d 745 (Mo.App. 1994). "Summary judgment seldom should be used in employment discrimination cases, because such cases are inherently fact-based and often depend on inferences rather than on direct evidence . . . [and] should not be granted unless the evidence could not support any reasonable inference for the nonmovant." Hill v. Ford Motor Co., 277 S.W.3d 659, 664 (Mo. 2009).

Defendants Bone and Goldschmidt first argue that Plaintiff is precluded from suing them because she failed to name them in her MHRA charge of discrimination, as she should have done under section 213.075.1.

The MHRA broadly defines "employer" to include "any person directly acting in the interest of an employer ..." Section 213.010(7). Missouri courts have found that the plain and unambiguous language under this definition of employer imposes individual liability in the event of discriminatory conduct. Hill, 277 S.W.3d at 669. However, Missouri cases have only allowed for individual liability under the MHRA when the individuals directly oversaw or were actively involved in the discriminatory conduct. See id. (supervisory employee was allegedly involved in the retaliatory conduct).

6

In Hill the Supreme Court indicated that it would take a liberal approach to the fulfillment of procedural requirements under the MHRA. The Court noted the importance of "the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially [in cases where] demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance." See also Alhalabi v. Missouri Dept. of Natural Res., 300 S.W.3d 518, 525 (Mo.App.E.D. 2009). The court held that a failure to name an individual in a MHRA charge does not alone preclude joining the individual in a subsequent lawsuit. 277 S.W.3d at 669-70. Rather, the trial court should consider whether the individual was prejudiced by the failure to include him in the MHRA charge. Id. Factors to be considered include whether the individual had actual notice the plaintiff was complaining about his conduct in the MHRC proceeding and whether there was conciliation by the MHRC that he did not participate in. Id. at 669.

In the present case, Defendants Bone and Goldschmidt had actual notice that Plaintiff was complaining that their conduct violated the MHRA because both men were interviewed by the Commission Investigator regarding the charges; and neither Defendant was deprived of participation in conciliation because there was no conciliation process undertaken by the Commission. The Court finds that these Defendants suffered no prejudice as a result

7

of not being specifically named in the Charge of Discrimination. It is clear that the scope of the Commission's investigation included the claims that Defendants Bone and Goldschmidt discriminated against Plaintiff. The Court concludes that Plaintiff has exhausted her administrative remedies as to Defendants Bone and Goldschmidt. The motion for summary judgment on this ground is therefore denied.

Defendants next argue for summary judgment on Count III, Plaintiff's claim for discriminatory discharge and retaliation, on the ground that Plaintiff failed to exhaust her administrative remedies by failing to reference either her separation of employment or her claim of retaliation in her Charge of Discrimination.

Section 213.070 RSMo prohibits retaliation, which includes any act done for the purpose of reprisal that results in damage to the plaintiff, even though the act is not otherwise the subject of a claim in contract or tort. Keeney v. Hereford Concrete Prods., 911 S.W.2d 622, 625 (Mo. 1995). In contrast to a claim brought under Title VII, the evidentiary burden for an MHRA claim is lower and requires only a showing that discrimination was a contributing factor in the employment decision. Daugherty v. City of Maryland Heights, 231 S.W.3d 814 (Mo.banc 2007). To establish a case of retaliatory discrimination, a plaintiff must show that (1) she complained of discrimination, (2) the employer took adverse action against her, and (3) there existed a causal relationship between

the complaint of discrimination and the adverse employment action. Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238, 245 (Mo.App.E.D. 2006). Thus, even under the lower burden, Plaintiff must still establish the existence of a causal relationship. This requirement may be proved circumstantially. Williams v. Trans States Airlines, Inc., 281 S.W.3d 854, 868-69 (Mo.App.E.D. 2009).

A Charge of Discrimination may be held to include claims "which could reasonably be expected to grow out of the charge of discrimination." Alhalabi v. Missouri Dept. of Natural Res., 300 S.W.3d 518, 526 (Mo.App.E.D. 2009). As noted above, administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices. Reed v. McDonald's Corp., 363 S.W.3d 134, 143 (Mo.App.E.D. 2012). Accordingly, administrative remedies are deemed exhausted as to all incidents that are like or reasonably related to the allegations contained in the charges filed with the MCHR and "the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." Id.

In the present case, the summary judgment record shows that Plaintiff did not raise the issue of retaliatory or constructive discharge at any time during the Commission's investigation of her case. There is no dispute that Plaintiff did not refer to retaliation or discriminatory or constructive discharge in her

9

Charge of Discrimination. Plaintiff's charges filed with the MCHR did not even mention that she no longer worked for Sensient. There also is no dispute that Plaintiff resigned. When the Commission Investigator asked Plaintiff "Why did you resign," Plaintiff answered "I got tired of being mistreated. I couldn't do anything with my son because of the hours. I couldn't work every other weekend. When I knew Alex got that position, I asked him in front of Greg, are you grade 12 now? He said I guess so." Nowhere in the interview does Plaintiff say anything about being retaliated against because of any previous complaints by her. Nor does Plaintiff say anything about being constructively discharged. The crux of her complaint was the allegedly discriminatory transfer to the weekend shift because she could not do anything with her son due to the hours. Similarly, the Investigator's interviews of Defendants Bone and Goldschmidt do not include any questions related to any claim of retaliation or unlawful discharge. The words "retaliation" or "discharge" are found nowhere in the Commission's investigation.

The Court concludes that Plaintiff did not exhaust her administrative remedies as to her claim of retaliation in count III through constructive discharge because Plaintiff made no claim of constructive discharge or retaliation in her claim to the Commission, and it was not reasonable to expect an administrative investigation of such claims. *Accord* Reed, 363 S.W.3d at

144(finding it was not reasonable to expect an administrative investigation of a claim of constructive discharge when plaintiff's charges did not even state that plaintiff no longer worked for defendant nor any facts relating to intolerable working conditions). Accordingly, Defendants are entitled to summary judgment on Count III.

ORDER AND PARTIAL JUDGMENT

In light of the foregoing, it is

ORDERED that Defendants' Motion for Summary Judgment be and the same is hereby granted in part and denied in part; and it is

FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Sensient Colors, LLC, Gregory Bone and Mark Goldschmidt have judgment against Plaintiff on Count III of the Petition herein, which Count is dismissed with prejudice; the motion for summary judgment is otherwise denied; costs to abide the event.

SO ORDERED:

_____
Robert H. Dierker
Circuit Judge

Dated: 3/5, 2013

Cc: Attorneys of Record